DANIEL M. HOWARD, *et al.*, receivers, &c.
*vs.*
THE HINCKLEY AND EGERY IRON COMPANY.

*Premium note—renewal of and liability upon.*

When a premium note in advance for the security of dealers was given to a mutual insurance company, in accordance with the provisions of its charter, at its commencement in business and it was renewed, the makers are equally liable in case of insolvency to the receivers, as if the occasion for its use had arisen during the existence of the first note.

If premiums have been paid for risks at the time of insurance, they cannot be deducted from the note.

ON REPORT.

ASSUMPSIT upon defendants' note for $1,001, dated January 2, 1871, payable in twelve months from date to the order of the Maine Mutual Marine Insurance Company. A note of like amount was given by the defendants to the insurance company April 26, 1870, when they received an open policy for it. During 1870, defendants insured to amount of $21,150, the premiums on which were $142; which sum they paid in cash in January 1871, took up the old note, gave the one in suit and took a new open policy on which they insured $15,575, the premiums amounting to $103.17, paid in cash; and in January 1872 they took another policy on which they insured $3,240, and paid $18.36 premium.

The other facts are same as stated in preceding case.

*A. W. Paine, C. P. Stetson* and *A. A. Strout* for the plaintiffs.

*J. S. Rowe* and *Wilson & Woodard* for the defendants.

APPLETON, C. J. The facts admitted and the testimony in the case of these plaintiffs against Palmer and another are to be considered so far as they are legally admissible in this case.

The defendant company gave a new note in renewal of the first one and at the same time took an open policy of even date. The note so given is the one in suit. They had had insurance under the first policy which they paid, renewing their note for the original amount. Since the present note was given they have effected insurances, the premiums for which they have paid.

When a premium note in advance for the security of dealers was given to a mutual insurance company at its outset in business, and was renewed at maturity, the makers were held liable to the receivers of the company in the same manner as if the occasion for its use had arisen during the existence of the original note. *Howe* v. *Folger*, 1 Sandf., 177.

The defendants had an undoubted right to have allowed them all premiums due if any there were when this note was given, but they did not. So they might have had the premiums since paid allowed on the note in suit had they so chosen. Instead of doing that, they paid the premium, preferring thereto the anticipated benefits of the three per cent. allowed by the vote of the company in accordance with the ninth section of the charter and the vote passed under it.          *Defendants defaulted.*

CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.

PETERS, J., did not sit.